**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5611-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JORGE RODRIGUEZ, a/k/a
JORGE RODRIGUES,

     Defendant-Appellant.

_____

Submitted October 16, 2018 – Decided October 23, 2018

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 11-01-0003.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Sarah E. Elsasser, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jorge Rodriguez appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Along with co-defendants Jhon Yebes and Pedro Dominguez, defendant was charged with two counts of armed robbery, possession of a knife for an unlawful purpose, and unlawful possession of a knife. The charges stemmed from an August 21, 2010 knifepoint robbery in Elizabeth.

The victims of the robbery gave descriptions to the police of their assailants shortly after the incident. Based on the descriptions, police apprehended defendant, Yebes, and Dominguez in the area near the robbery, and the victims identified them on-site as three of their four attackers. At the time of their arrest, the three men were each carrying items that belonged to the victims.

Defendant, Yebes, and Dominguez were tried together, and were found guilty of all charges. The trial court sentenced defendant to two consecutive fifteen-year terms with eighty-five percent parole disqualification for the two armed robbery counts. The remaining counts merged.

We affirmed defendant's conviction on direct appeal but remanded for resentencing. After the Supreme Court denied certification, the trial court resentenced defendant to a fifteen-year sentence for one robbery and a

consecutive term of eleven years for the other, both with eighty-five percent parole disqualification.

After we affirmed defendant's sentence, defendant filed for PCR. In his petition, defendant alleged his trial counsel provided ineffective assistance by failing to 1) file a motion for severance; 2) object to statements by the prosecutor; 3) object to a lack of written jury instructions on identification; 4) argue mitigating factors at sentencing; and 5) discuss plea offers with him.

The PCR judge denied defendant's petition. The judge found defendant's claims that counsel was ineffective for failing to object to the prosecutor's comments and to the lack of written instructions on identification were barred by Rule 3:22-5 and that defendant's claim that counsel failed to argue mitigating factors was barred by Rule 3:22-4.

The PCR judge concluded that defendant failed to establish a prima facie case of ineffective assistance of counsel as to his remaining arguments. He found that his defense did not conflict with his co-defendants'. The judge also found defendant's claim that counsel never discussed plea offers with him was contradicted by the record.

On appeal, defendant argues the PCR judge erred by not holding an evidentiary hearing on his claim that counsel was ineffective by failing to move for severance. Defendant's brief includes one point of argument:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO MOVE FOR A SEVERANCE FROM HIS CO-DEFENDANTS.

Based on our review of the record and the applicable law, we conclude this argument lacks sufficient merit to warrant extended discussion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge John M. Deitch in his cogent written opinion. We add the following comments.

An evidentiary hearing is required in a PCR matter only once a defendant establishes a prima facie case of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462-63 (1992). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b).

To have succeeded on his claim of ineffective assistance of counsel, defendant needed to show that counsel's performance was deficient and that there was a "reasonable probability that, but for counsel's unprofessional errors,

4

the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).

In general, "complaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy of representation by counsel." <u>State v. Fritz</u>, 105 N.J. 42, 54 (1987) (quoting <u>State v. Williams</u>, 39 N.J. 471, 489 (1963)). Defense counsel's failure to file a motion that lacks merit cannot support a finding of ineffective assistance. <u>State v. Fisher</u>, 156 N.J. 494, 501 (1998). Here, a motion to sever would likely have been denied because defendant was charged with crimes arising from "the same series of acts" as his co-defendants, and "much of the same evidence [was] needed to prosecute each." <u>State v. Brown</u>, 118 N.J. 595, 605 (1990). There is also no evidence in the record that the joint trial prejudiced defendant because his defense was not mutually exclusive from his co-defendants'. <u>Id.</u> at 606. Because defendant failed to establish a prima facie case of ineffective assistance of counsel, an evidentiary hearing was not required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5611-16T1